**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOEL GORDON, d/b/a JOEL GORDON PHOTOGRAPHY, | : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO.  14-2329 |
| PEARSON EDUCATION, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

RONALD L. BUCKWALTER, S.J.                                    January   9, 2015

Currently pending before the Court is a Motion to Dismiss Count II of the Complaint by

Defendant Pearson Education, Inc.  For the following reasons, the Motion is granted in part and

denied in part.

I.    **FACTUAL BACKGROUND**

According to the facts set forth in the Complaint, Plaintiff Joel Gordon is a professional

photographer who makes his living by creating and licensing photographs.  (Compl. ¶ 1.)

Defendant Pearson Education, Inc. ("Pearson") is a sophisticated and highly-profitable global

publishing company which creates and sells educational textbooks.  (Id. ¶ 2.)

Gordon is the author and owner of certain photographs and Susan Lerner is the author and

owner of other photographs (collectively "Photographs").  Prior to this action, Lerner transferred

to Gordon the exclusive right to grant licenses for reproduction, distribution, and display of her

photographs.  (Id. ¶ 6.)  Each of the Photographs has been registered with the United States Copyright Office, except for two which have pending registrations and for which Gordon delivered completed applications, deposits, and fees to the United States Copyright Office before the filing of the Complaint.  (Id. ¶ 7.)

Between 1989 and 2012, in response to permission requests from Pearson, Gordon sold Pearson limited licenses to use copies of the Photographs in particular educational publications identified by Pearson's requests and Gordon's licenses.  The licenses that Gordon granted to Pearson were expressly limited by the number of copies, distribution area, language, duration, and/or media.  (Id. ¶ 8.)  Pearson represented to Gordon that it intended to use the Photographs within the negotiated license terms.  (Id. ¶ 9.)  When determining the license fee, Gordon relied on Pearson's representations.  (Id. ¶ 10.)

According to Gordon, however, Pearson knew that its actual uses would exceed its represented uses and that Pearson intended to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings  (Id. ¶¶ 11–12.)  Indeed, shortly after obtaining the licenses from Gordon, Pearson exceeded the licenses and infringed Gordon's copyrights in numerous ways, including: (a) printing more copies of the Photographs than Gordon authorized; (b) distributing publications containing the Photographs outside the authorized distribution area; (c) publishing the Photographs in electronic, ancillary, or derivative publications without permission; (d) publishing the Photographs in international editions and foreign publications without permission; (e) publishing the Photographs beyond the specified time limits; and/or (f) publishing and distributing Gordon's works in subsequent editions, foreign language translations, and various other publications without obtaining authorization.  (Id. ¶ 13.)

2

Gordon alleges that Pearson's practice of requesting and paying for a license for limited uses, and then exceeding those authorized uses, extends beyond the publications referenced above.  (Id. ¶ 16.)  Indeed, according to the Complaint, Pearson's business model is built on a foundation of pervasive and willful copyright infringement that deprived Gordon, and hundreds of other photographers and visual art licensors, of their rightful compensation, and unjustly enriched Pearson with outlandish profits in the process.  (Id.)  Currently, there are several parallel cases of copyright infringement pending against Pearson.  (Id. ¶¶ 17–18.)  On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining an permission and had printed in excess of license limits in situations where licenses were obtained.  (Id. ¶ 19.)  On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained."  (Id. ¶ 20.)  Numerous other photographers and stock photographers and stock photography agencies have brought actions against Pearson alleging copyright infringement claims nearly identical to those asserted by Gordon in this action.  (Id. ¶ 21.)

According to the Complaint, Pearson also engages in indirect copyright infringement. Pearson facilities the international distribution of its publications, in part, through its international rights management group ("IRMG") located in Indiana and New Jersey.  The IRMG website indicates that it is the IRMG's "mission to maximize the number of translations and local versions published that are based upon products of Pearson Education," and that IRMG "arranges

3

for approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world."  The IRMG website also indicates that its team "frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books."  (Id. ¶ 25.)  According to the Complaint, Pearson reproduced and distributed the Photographs without Plaintiff's permission to other entities, subsidiary companies, divisions, affiliates, and/or third parties ("Third Parties").  (Id. ¶ 26.)  The alleged unauthorized reproduction and distribution to the Third Parties took place in the United States.  (Id.)  The Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints and included the Photographs in these publications without Plaintiff's permission.  (Id. ¶ 27.)  Gordon alleges that Pearson knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without Plaintiff's authorization.

Plaintiff Gordon initiated the current action on April 22, 2014, setting forth two causes of action.  Count I asserts that Pearson's acts constitute infringements of Gordon's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.  (Compl. ¶¶ 35–37.)  Count II contends that Pearson's acts also constitute contributory and/or vicarious infringement of Gordon's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.  (Compl. ¶¶ 38–40.)

On October 20, 2014, Defendant filed the current Motion to Dismiss Count II of the Complaint.  Plaintiff filed a Response on November 3, 2014, and Defendant submitted a Reply Brief on November 13, 2014, making the Motion ripe for judicial review.

## II.   STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has

4

not stated a claim upon which relief can be granted.  Fed. R. Civ. P.12(b)(6);  see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right

to relief above the speculative level.'" (quoting <u>Twombly</u>, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static.  <u>Spence v. Brownsville Area Sch. Dist.</u>, No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008).  The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations.  <u>Phillips</u>, 515 F.3d at 233.  Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff."  <u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006).  Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Pinkerton v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III.    DISCUSSION

Count II of the Complaint alleges that Defendant's actions give rise to liability for both contributory and vicarious infringement in violation of 17 U.S.C. § 501, <u>et seq.</u>  Defendant now argues that Plaintiff fails to adequately plead either claim, offering only "a formulaic recitation of the elements of a cause of action."  (Defs.' Mem. Supp. Mot. Summ. J. 3.)   The Court addresses each cause of action separately.[1]

### A.    Contributory Copyright Infringement

To state a claim of contributory copyright infringement, a plaintiff must allege: (1) direct copyright infringement by a third party; (2) knowledge of the third-party infringement; and (3) a material contribution to the infringement.  <u>Parker v. Google, Inc.</u>, 242 F. App'x 833, 837 (3d Cir.

---

[1]  Notably, Defendant does not seek Rule 12(b)(6) dismissal of the direct infringement cause of action in Count I of the Complaint.

2007), cert. denied, 552 U.S. 1156 (2008); Columbia Pictures Indus., Inc. v. Redd Horne, Inc.,
749 F.2d 154, 160 (3d Cir. 1984).  The knowledge requirement has been interpreted to include
"'both those with actual knowledge and those who have reason to know of direct infringement.'"
Parker v. Google, Inc., 422 F. Supp. 2d 492, 499 (E.D. Pa. 2006) (quoting Ellison v. Robertson,
357 F.3d 1072, 1076 (9th Cir. 2004)), aff'd 242 F. App'x 833 (3d Cir. 2007).  "In essence, in
order to claim that [a defendant] is a contributory infringer, [a plaintiff]  must allege first, that he
had registered copyrights that were infringed by a third party and second, that [the defendant]
authorized or assisted that third party."  Parker, 422 F. Supp. 2d at 499.  "That 'authorization or
assistance must bear some direct relationship to the infringing acts, and the person rendering such
assistance or giving such authorization must be acting in concert with the infringer.'"  Id.
(quoting 3–12 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.04[A][2][a]
(2005)).

      The proper pleading of a contributory copyright infringement cause of action has been the
subject of significant litigation leading to a wealth of conflicting opinions on virtually identical
facts.  That conflict was recently explored in the case of  Bavendam v. Pearson Education, Inc.,
Nos. Civ.A.13-3096, 13-3176, 13-3318, 13-3319, 13-3320, 2013 WL 5530008 (D.N.J. Oct. 3,
2013) by the Honorable Faith Hochberg of the United States District Court for the District of
New Jersey.  Surveying the relevant case law, Judge Hochberg noted that three district courts had
dismissed without prejudice similarly worded, but not identical, contributory infringement claims
while two had  allowed them to advance.  Id. at *4–5.  Specifically, in Grant Heilman
Photography, Inc. v. Pearson Educ., Inc., Civ. No. 11–4649 (E.D. Pa. July 27, 2012), the court
denied a motion to add a contributory infringement claim stating that a "vague, broadly-worded

assertion does not provide enough factual support to survive a motion to dismiss under Rule 12(b)(6)." Bavendum, 2013 WL 5530008, at *2 (citing Grant Heilman). Likewise, in Panoramic Stock Images, Ltd. v. Pearson Education, Inc., No. Civ.A.12–9918, 2013 WL 2357586 (N.D. Ill. May 29, 2013), the court dismissed a contributory infringement claim, indicating that, "[Plaintiff] fails to state a claim for contributory infringement because the First Amended Complaint fails to identify any third party or publication that allegedly infringed on its copyrights or any factual basis suggesting that Pearson induced or encouraged infringement. . . . This Court cannot reasonably infer from these allegations that any contributory infringement took place either inside or outside the United States." Bavendum, 2013 WL 5530008, at *3–4 (citing Panorama). Finally, in Viesti Associates, Inc. v. Pearson Education, Inc., No. Civ.A.12–2240, 2013 WL 4052024 (D. Colo. Aug. 12, 2013) the court granted a motion to dismiss a contributory copyright infringement claim finding that the plaintiff had failed to allege facts describing instances of Pearson encouraging or promoting third parties to infringe the plaintiff's photographs. Bavendum, 2013 WL 5530008, at *4 (citing Viesti)

Judge Hochberg then remarked that, in contrast to the foregoing jurisprudence, the court in StockFood Am., Inc. v. Pearson Education, Inc., Civ. No. 12–124, 2012 WL 5986791 (D. Me. Nov. 29, 2012) found language substantially similar, but not identical to that in Grant Heilman alleged sufficient facts to survive a motion to dismiss. Bavendum, 2013 WL 5530008, at *4–5 (citing Stockfood). Specifically, the court in StockFood refused to dismiss a complaint for contributory copyright infringement when it alleged that (i) Pearson reproduced photographs, (ii) distributed them to third parties without permission, and (iii) the third parties translated publications containing the photographs into additional languages or published them in local

adaptations or reprints without its permission.  <u>Bavendum</u>, 2013 WL 5530008, at *5 (citing

<u>Stockfood</u>).  Likewise, in <u>Jon Feingersh Photography, Inc. v. Pearson Education, Inc.</u>, No.

Civ.A.13–78 (E.D. Pa. Mar. 28, 2013), the court denied Pearson's motion to dismiss without

opinion when the plaintiff used substantially similar, although not identical language in its

complaint with respect to the contributory infringement claims.  <u>Bavendum</u>, 2013 WL 5530008,

at *5 (citing <u>Feingersh</u>).

 Judge Hochberg then turned to the allegations in the case before her and—siding with the

<u>Stockfood</u> and <u>Feingersh</u> decisions— found that the plaintiff had adequately alleged contributory

infringement.  <u>Id.</u> at *5.  The complaint in <u>Bavendum</u> alleged that Pearson facilitated the

international distribution of its publications through its international rights management group,

which sought to "maximize the number of translations and local versions published that are

based upon products of Pearson Education."  <u>Id.</u>  Plaintiffs also asserted that Pearson reproduced

and distributed the photographs at issue without the plaintiffs' permission, that this distribution

to third parties occurred within the United States, and that the third parties went on to reproduce

and distribute the photographs at issue.  <u>Id.</u>  The complaint went on to give two examples of

third-party publications that allegedly included the photographs at issue and asserted that Pearson

knew of this alleged infringement.  <u>Id.</u>  Ultimately, the court determined that, if accepted as true,

the factual allegations of the complaints "state a claim to relief that is plausible on its face" by

alleging third-party infringement, Pearson's knowledge of that infringement, and material

contribution in the form of reproduction, transmission, and facilitation.  <u>Id.</u>  The court also found

that the plaintiffs' use of "information and belief" in the complaints did not prevent the

complaints from stating a plausible claim of entitlement to relief, particularly given Pearson's

superior knowledge of the underlying facts.  Id. *5 n.5.

More recent cases have been similarly inconsistent in their pleading requirements for a contributory negligence claim.  In Muench Photography, Inc. v. Pearson Education, Inc., No. Civ.A.13-3937, 2013 WL 6172953 (N.D. Cal. Nov. 25, 2013), the complaint included allegations almost identical to those in the present Complaint.  Specifically, it alleged that Pearson enabled international distribution of its textbooks to foreign territories for translation and publication in new languages.  Id. at *1.  These textbooks included the copyrighted photographs.  Id.  The complaint then gave three examples of textbooks containing unauthorized reproductions of the photographs and asserted that Pearson caused this reproduction and knew that such reproductions would occur.  Id.  The court found that the complaint failed to state a cause of action for contributory infringement because it did not provide factual allegations describing instances of Pearson encouraging or promoting third parties to infringe.  Id. at *6.

On the flip side of the coin, the Honorable Judge Slomsky of this Court declined to dismiss a contributory infringement claim in Visuals Unlimited, Inc. v. Pearson Educ., Inc., No. Civ.A.13-5681, 2014 WL 1395043, at *3–5  (E.D. Pa. April 10, 2014).  Similar to the present case, the plaintiff alleged, upon information and belief, that "Pearson knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without Plaintiff's authorization" and that "Pearson knew that the Third Parties were reproducing and distributing Plaintiff's Photographs without authorization."  Id. at *4.  In addition, the plaintiff alleged, upon information and belief, that (a) the defendant reproduced and distributed the photographs without the plaintiff's permission to other entities; (b) that this distribution took place in the United States; (c) that the transmission to third parties enabled and

10

materially contributed to the third parties' unauthorized reproduction and distribution of the photographs; and (d) that the defendant permitted the third parties to distribute Pearson's publications containing the Photographs in new territories, translate its publications into new languages, and adapt its publications for distribution in additional territories. Id. at *4–5. Moreover, plaintiff alleged three examples of the defendant reproducing and distributing the plaintiff's photos to its foreign affiliates without the plaintiff's permission. Id. at *5. Recognizing the split among courts as to pleading standards for such a claim, Judge Slomsky found that because of the early stage of the litigation and the court's obligation to accept the plaintiff's factual allegations as true, the plaintiff had sufficiently pled a case of contributory infringement. Id. at *4–5.

Against the backdrop of this inconsistent jurisprudence, this Court must now examine the allegations of the present Complaint. Defendant argues that Plaintiff's claim fails on all of the elements of a contributory copyright infringement cause of action. Specifically, it asserts that: (1) the Complaint's allegations fail to give rise to a plausible inference of wide-spread third party infringement; (2) the Complaint fails to adequately allege that Defendant intentionally induced or encouraged infringement; and (3) the Complaint fails to adequately allege that Defendant had knowledge of the third parties' purported infringement. The Court considers each argument individually.

### 1.   Whether Plaintiff Has Alleged Direct Copyright Infringement by a Third Party

"It is well-settled that in order to state a cause of action for contributory infringement or vicarious infringement, a plaintiff must identify another party who was responsible for the direct infringement (to which the defendant contributed in some way)." Leonard v. Stemtech Health

11

<u>Scis., Inc.</u>, No. Civ.A.08–67, 2013 WL 5288266, at *10 (D. Del. Sept. 19, 2013) (citations

omitted).  Plaintiffs need not sue the numerous third party direct infringers in order to bring this

cause of action against Defendants.  <u>Arista Records, Inc. v. Flea World, Inc.</u>, 356 F. Supp. 2d

411, 416 (D.N.J. 2005).  "To establish a claim of copyright infringement, a plaintiff must

establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements

of the plaintiff's work."  <u>Kay Berry, Inc. v. Taylor Gifts, Inc.</u>, 421 F.3d 199, 203 (3d Cir. 2005).

A defendant's intent to infringe is not material.  <u>Coach, Inc. v. Sunfastic Tanning Resort</u>, No.

Civ.A.10-1626, 2011 WL 5447972, at *7 (E.D. Pa. Nov. 11, 2011) (citing <u>Ford Motor Co. v.

Summit Motor Prods., Inc.</u>, 930 F.2d 277, 299 (3d Cir. 1991) (infringement can occur by an

innocent sale or gift of copyrighted work to one person)).  A direct copyright infringement claim,

however, requires a plaintiff to allege "volitional conduct" on the part of the defendant.  <u>Id.</u>

(citing <u>Parker, Inc.</u>, 242 F. App'x at 836).

    As to this first element in the present case, the Complaint alleges that Plaintiff is the

author and owner of the Photographs depicted in Exhibit 1 to the Complaint and that each of the

Photographs have existing or pending registrations.  (Compl. ¶¶ 6–7.)  The Complaint goes on to

allege as follows:

    25.    Pearson facilitates the international distribution of its publications, in part
through its international rights management group ("IRMG") located in
Indiana and New Jersey.  The IRMG website indicates that it is the IRMG's
"mission to maximize the number of translations and local versions published
that are based upon products of Pearson Education," and that the IRMG
"arranges for approximately 4,000 third-party licenses annually, which
includes translations in approximately 50 languages around the world."  The
IRMG website also indicates that its team "frequently travels to countries to
visit with local publishing partners who are interested in obtaining foreign
rights to our books.

    26.    Upon information and belief, Pearson reproduced and distributed the

Photographs without Plaintiff's permission to other entities, subsidiary companies, divisions, affiliates and/or third parties ("Third Parties"). Upon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States.

27.     Upon information and belief, the Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints and included the Photographs in these publications with Plaintiff's permission. For example, Pearson reproduced and distributed one or more photographs it obtained from Gordon to its affiliate Pearson Studium in Germany for use in the unauthorized print and electronic German translations of *Psychology*, 18ᵗʰ Edition (*Psychologie 18, aktualisiere Auflage*).

(Compl. ¶¶ 25–27.) Such allegations plausibly allege that Plaintiff owns valid copyrights and that third parties—including one specifically identified as Pearson Studium in Germany—engaged in unauthorized copying of original elements of Plaintiff's work. At this juncture, and without the benefit of discovery, Plaintiff is not required to identify every third party that has purportedly engaged in direct infringement to which Defendant contributed, particularly when much of that information is uniquely within Defendant's control. Accordingly, the Court deems the first element satisfied.

### 2.      Whether the Complaint Alleges that Defendant Intentionally Induced or Encouraged Infringement

The next third prong of a contributory infringement claim requires a plaintiff to set forth facts alleging that the defendant induced, caused, encouraged or materially contributed to the infringement. Parker v. Google, Inc., 242 F. App'x 833, 837 (3d Cir. 2007). A plaintiff need not plead that the defendant materially contributed to the infringement. Visuals Unlimited, 2014 WL 1395043, at *4. Rather, a plaintiff may satisfy this prong by "alleging that [d]efendant induced, caused or encouraged the third party infringement." Id. (citing Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, 545 U.S. 913, 930 (2005); Columbia Pictures, 749 F.2d at 160). Contributory

13

infringement is "personal conduct that encourages or assists the infringement." Flava Works, Inc. v. Gunter, 689 F.3d 754, 757 (7th Cir. 2012).  A defendant "may be contributorily liable for intentionally encouraging direct infringement if the [defendant] knowingly takes steps that are substantially certain to result in such direct infringement."  Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1171 (9th Cir. 2007).

Defendant now contends that Plaintiff fails to allege any facts demonstrating that Pearson intentionally induced or encouraged any third party's direct infringement of Plaintiff's copyrights.  It asserts that the alleged transmittal of images to a third party falls far short of inducing or materially contributing to a third party's copyright infringement.  According to Defendant, Plaintiff does not allege that Pearson took active steps with respect to Studium or any other unidentified third parties that purportedly reprinted Plaintiff's photographs without permission, but rather asserts only that Pearson distributed its publications to third parties.

The Complaint in this case alleges:

26.    Upon information and belief, Pearson reproduced and distributed the Photographs without Plaintiff's permission to other entities, subsidiary companies, divisions, affiliates and/or third parties ("Third Parties").  Upon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States.

. . .

28.    By transmitting the Photographs to the Third Parties, Pearson enabled, induced, caused facilitated, or materially contributed to the Third Parties' unauthorized reproduction and distribution of the Photographs.

29.    Upon information and belief, Pearson permitted Third Parties to distribute Pearson's publications containing the Photographs in new territories, to translate its publications into new languages, and to adapt its publications for distribution in additional territories.

(Compl. ¶¶ 26, 28, 29.)  As noted above, at least one court in this District has found virtually similar allegations insufficient to plead a claim of contributory infringement, see Grant Heilman,

14

<u>supra</u>, while another has allowed such similar allegations to survive a motion to dismiss. <u>See</u> <u>Visuals Unlimited</u>, <u>supra</u>. Recognizing that this conflicting legal backdrop creates no clear body of law on which to rely, the Court chooses to follow the well-accepted liberal pleading standards of the Federal Rules of Civil Procedure as interpreted by the United States Supreme Court in <u>Twombly</u> and <u>Iqbal</u>. Accepting the Complaint's allegations as true, Plaintiff has sufficiently alleged that Defendant induced, caused, encouraged, or materially contributed to copyright infringement by third parties. While Defendant is correct that mere knowledge of infringing potential or merely supplying means to accomplish infringing activity is not enough, Defendant's actual transmission of the Photographs to the third parties suffices to constitute an active step that could have encouraged or materially contributed to the infringing conduct. Accordingly, the Court rejects Defendant's Motion on this factor.

> ### 3. <u>Whether the Complaint Alleges that Defendant Had Knowledge of the Third Parties' Purported Infringement</u>

The final part of the contributory infringement claim challenged by Defendant is the knowledge element. The Court of Appeals for the Ninth Circuit has interpreted the knowledge requirement to include "both those with actual knowledge and those who have reason to know of direct infringement." <u>Parker</u>, 422 F. Supp. 2d at 498–99 (quoting <u>Ellison</u>, 357 F.3d at 1076). In other words, contributory infringement "requires that the secondary infringer 'know or have reason to know of direct infringement.'" <u>Arista Records, Inc. v. Flea World, Inc.</u>, No. Civ.A.03-26, 2006 WL 842883, at *14 (D.N.J. March 31, 2006) (quoting <u>A&M Records, Inc. v. Napster, Inc.</u>, 239 F.3d 1004, 1020 (9th Cir. 2001) (further quotations omitted)).

In this case, the Complaint alleges that Pearson's international rights management group ("IRMG") has as its mission "to maximize the number of translations and local versions

published that are based upon products of Pearson Education," and that it "arranges for approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world." (Compl. ¶ 25.) Indeed, the IRMG website purportedly indicates that its team "frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books." (Id. ¶ 26.) The Complaint goes on to assert that "[u]pon information and belief, Pearson, knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without Plaintiff's authorization" and that "Pearson knew that the Third Parties were reproducing and distributing Plaintiff's Photographs without authorization." (Id. ¶¶ 30–31.) Defendant now contends that these allegations are nothing more than "naked assertions of knowledge absent factual support" that cannot satisfy Plaintiff's pleading burden. (Def.'s Mem. Supp. Mot. Dismiss 9.)

While somewhat bareboned, these allegations are sufficient to plead a plausible claim for relief. By alleging that Pearson's IRMG intended that Pearson's textbooks be translated into other languages for publication in other countries and the IRMG actually met with foreign publishers, one can easily infer that Defendant knew or had reason to knew that the third parties would reproduce and distribute the Photographs, which were used in those textbooks, without obtaining the proper authorization from Plaintiff. Accordingly, the Court deems this element satisfied.

### 4. Conclusion as to Contributory Infringement Claim

The Court agrees with Defendant that Plaintiff's allegations with respect to his contributory infringement claim are somewhat sparse. Moreover, the Court is well aware of

divergent body of case law regarding what is required to properly plead such a claim. Nonetheless, the Court is persuaded that the Federal Rules of Civil Procedure continue to allow claims to be liberally pled and that, so long as the allegations set forth sufficient facts on which a cause of action can be plausibly based, such claims will survive Rule 12(b)(6) scrutiny.  Given the early stages of this case, the Court declines to dismiss the claim for contributory infringement.

### B.      Vicarious Copyright Infringement

Defendant also moves to dismiss Plaintiff's claim of vicarious copyright infringement, which is premised on the same allegations as the contributory copyright infringement claim.  "To state a claim of vicarious copyright infringement, a plaintiff must allege (1) direct copyright infringement by a third party; (2) an obvious and direct financial interest in the exploitation of the copyrighted materials; and (3) the right and ability to supervise the infringing activity."  Live Face on Web, LLC v. Howard Stern Prods., No. Civ.A.08-2579, 2009 WL 723481, at *3 (E.D. Pa. Mar. 17, 2009) (citing Ellison, 357 F.3d at 1078).  Defendant now contends that Plaintiff has failed to set forth any facts from which to infer that it had either an obvious and direct financial interest in the exploitation of the copyrighted materials or the right and ability to supervise the infringing activity.

In support of his vicarious infringement claim, Plaintiff first alleges that "Pearson reproduced and distributed one or more photographs it obtained from Gordon to its affiliate Pearson Studium in Germany for use in the unauthorized print and electronic German translations of *Psychology*, 18th Edition (*Pschologie 18., aktualisiere Auflage).*"  (Compl. ¶ 27.) Based solely on this single allegation of distribution of the Photographs to an affiliate, Plaintiff

asserts "upon information or belief," that "Pearson had the right and ability to control the Third

Parties' and use [sic] of the Photographs" and that "Pearson directly profited from its

transmission of the Photographs to the Third Parties since such Third Parties paid Pearson for

translation and distribution rights, including access to all of the content in the publications."

(Compl. ¶¶ 32–33.)

Taking these allegations as true, the Court finds that the Complaint does not state a

plausible claim of vicarious copyright infringement.[2]  These allegations are nothing more than

formulaic recitations of the elements of a vicarious copyright infringement claim with no factual

averments to support a plausible inference that Defendant had the right or ability to prevent

infringing conduct of unidentified third parties.  Merely asserting that one company was an

"affiliate" of Defendant and that Defendant reproduced and distributed the Photographs to that

company does not allow the Court to draw any reasonable inference that Defendant had the right

and ability to supervise any of that company's infringing activities.  See Pegasus Imaging Corp.

v. Northrop Grumman Corp., No. Civ.A.07-1937, 2008 WL 5099691, at *2 (M.D. Fl. Nov. 25,

2008) ("A parent corporation cannot be held liable for the infringement of its subsidiary unless

there is a substantial and continuing connection between the infringing acts of the parent and

subsidiary.") (citation and internal quotation marks omitted).  Accordingly, the Court dismisses

this claim.

---

[2]  In his Response to the Motion to Dismiss, Plaintiff attaches numerous exhibits.  It is
well established that when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),
the court generally considers only the allegations contained in the complaint, exhibits attached to
the complaint, and matters of public record.  See Pension Ben. Guar. Corp. v. White Consol.
Indus., Inc., 998 F.2d 1192, 1196 (3rd Cir. 1993).  Consideration of Plaintiff's exhibits is,
therefore, not appropriate in the course of reviewing a Rule 12(b)(6) motion.

Nonetheless, the United States Court of Appeals for the Third Circuit has made clear that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility.  Id. at 236.  This opportunity to amend must be offered, even if the plaintiff does not specifically make such a request.  Id. at 235.

Plaintiff, in this case, expressly requests leave to file an amended complaint.  Defendant has not responded with any contentions of bad faith, undue delay, prejudice, or futility, nor can the Court find that any of these grounds for denying leave exist.  Accordingly, the Court will grant Plaintiff twenty days in which to file an amended complaint properly setting forth a factual basis for his vicarious copyright infringement claim against Defendant.  Plaintiff's failure or inability to do so will, upon proper motion by Defendant, result in dismissal of any deficient claims with prejudice.

An appropriate Order follows.